IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMBER GARTRELL, | ) | Case No. 5:25-CV-00547 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JUDGE DAN AARON POLSTER |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | MAGISTRATE JUDGE CLAY |
| Defendant. | ) ) ) | **MEMORANDUM OPINION & ORDER** |

On March 20, 2025, Plaintiff Amber Gartrell ("Gartrell"), filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying her application for disability insurance benefits ("DIB). ECF Doc. 1. The Court referred the case to Magistrate Judge Darrell A. Clay for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b). Magistrate Judge Clay recommends the Court affirm the decision of the Commissioner. ECF Doc. 15. Gartrell has asserted one objection to the R&R: that the administrative law judge ("ALJ") failed to properly evaluate the supportability factor of a functional capacity evaluation prepared by Jessica Duke, MOT, OTR/L. ECF Doc. 16.

The Court has reviewed the record, the R&R and Ms. Gartrell's objection. Because the Commissioner's decision to deny DIB was supported by substantial evidence and adequately explained, the Court overrules Ms. Gartrell's objection and adopts Magistrate Judge Clay's

R&R.  Accordingly, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**I.     Background**

Ms. Gartrell filed an application for DIB on August 31, 2022, alleging a disability onset date of October 14, 2021 due to fibromyalgia, back pain, osteoarthritis, vitamin D deficiency, insomnia, depression, obesity, migraines, degenerative arthritis, and polycystic ovarian syndrome.  ECF Doc. 9 at 221-22, 255.  Her claims were denied initially and upon reconsideration.  ECF Doc. 9 at 103, 114.  She then requested a hearing before an administrative law judge.  ECF Doc. 9 at 146.  Ms. Gartrell and a Vocational Expert ("VE") testified before an ALJ on January 22, 2024.  ECF Doc. 9 at 48.  After the hearing, the ALJ issued a decision finding Ms. Gartrell was not disabled.  ECF Doc. 9 at 10.  The Appeals Council denied Ms. Gartrell's request for review of the ALJ's February 123, 2024 decision, making the hearing decision the final decision of the Commissioner.  ECF Doc. 9 at 1.  Ms. Gartrell filed this action on March 20, 2025.  ECF Doc. 1.

**II.    Standard of Review**

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made.  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the

2

proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting

3

*Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### III.  Law & Analysis

Ms. Gartrell argues that the ALJ did not consider the supportability of a functional capacity evaluation report in her record from Jessica Duke, a registered and licensed occupational therapist. Gartrell met with Ms. Duke in May 2022 to determine her functional abilities and limitations to gain approval for short term disability from the Ohio Department of Job and Family Services. ECF Doc. 9 at 360-361.

20 CFR §404.1520c(c)(1) provides that the Commissioner will consider the supportability of the medical opinions in each case. The supportability factor is described as follows:

> Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

Gartrell argues that the ALJ did not consider the supportability of Ms. Duke's medical opinion, but after reviewing the ALJ's decision and Magistrate Clay's recommendation, the Court disagrees. As pointed out by Magistrate Clay, the ALJ noted that Ms. Duke only met with

4

Gartrell one time, parts of her report were based on Gartrell's subjective reporting, and there were some inconsistencies between Ms. Duke's report and other clinical findings in the record for manipulative limitations, fine-motor coordination, strength in the upper extremities and lower extremities. The ALJ clearly discussed the supportability of Ms. Duke's report and explained why he found it was not persuasive.

While Gartrell takes issue with how both the ALJ and Magistrate Judge Clay considered the supportability factor related to Ms. Duke's report, she does not explain what they did incorrectly. Gartrell's objection does not identify other medical evidence in the record affirmatively supporting Ms. Duke's report. She simply criticizes the ALJ's supportability analysis and the Magistrate Judge's agreement with it.

The fact that there may have been other evidence in the record which could have supported a different evaluation of Ms. Duke's report by the ALJ does not change the outcome of Ms. Gartrell's case. "The Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *see also Anderson v. Comm'r of Soc. Sec.,* No. 1:21-CV-1471, 2022 U.S. Dist. LEXIS 177950, at *5 (N.D. Ohio Sept. 29, 2022) ("it is also well-established that as long as the ALJ cites substantial, legitimate evidence to support the conclusion reached, the reviewing court may not second-guess that decision"). While Ms. Duke's report may have supported a more-restrictive RFC, substantial evidence also supports the reasons the ALJ did not fully accept the limitations in Ms. Duke's report. The ALJ adequately analyzed the supportability factor when reviewing Ms. Duke's report, thereby meeting the

requirements of 20 CFR §404.1520c(c)(1).  For these reasons, the Court is required to affirm the Commissioner's decision.

### IV. Conclusion

For the reasons discussed above, the Court overrules Ms. Gartrell's objection to the R&R, which is hereby adopted.  Because the Commissioner's decision to deny DIB is supported by substantial evidence and adequately explained, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**IT IS SO ORDERED.**

Dated: January 6, 2026                          *s/Dan Aaron Polster*
                                                United States District Judge